UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, 2100 L Street, N.W., Washington, D.C. 20037, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES FOOD AND DRUG ADMINISTRATION 200 Independence Avenue, SW, Washington, D.C. 20201, <br><br> Defendant. | Civ. <br><br> CASE NUMBER  1:05CV01089 <br><br> JUDGE: Ricardo M. Urbina <br><br> DECK TYPE: FOIA/Privacy Act <br><br> DATE STAMP: 06/02/2005 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, et seq., as amended ("FOIA"), to obtain access to records in the possession of the United States Department of Health and Human Services Food and Drug Administration ("FDA") concerning the FDA's guidance on potency testing of the Botulinum toxin type A, more specifically BOTOX® (therapeutic use) and BOTOX® Cosmetic (cosmetic use) hereafter referred to as "BOTOX." The Humane Society of the United States ("The HSUS") seeks access to this information to educate the public, and to assist The HSUS in monitoring the use of animals in laboratories and the impact of the FDA's decisions on such use.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

1

## PARTIES

3.  Plaintiff, The Humane Society of the United States, a non-profit national membership organization dedicated to the protection of animals, is headquartered in Washington, D.C. The HSUS is the requester of the information.

4.  The HSUS has over 9 million members and constituents. The HSUS undertakes, as a basic purpose, to educate its members and the general public about the use, maintenance, and breeding of animals in research facilities. As such, it is incumbent on The HSUS to educate members of the public regarding products, ingredients, and government activity that may be needlessly harming animals.

5.  Defendant the FDA is the federal agency in possession and control of the information that was requested by The HSUS, and is the federal agency that may be overseeing or mandating tests and procedures concerning BOTOX, about which The HSUS seeks to obtain information.

## STATUTORY FRAMEWORK AND FACTS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION

### The Freedom Of Information Act

6.  The FOIA requires agencies of the federal government, upon request, to release records to the public, unless the agency proves that the records fall within one of nine specific statutory exemptions. 5 U.S.C. § 552(b). If an exemption applies, the agency is required to disclose "any reasonably segregable portion of the record" containing the exempt material. Id.

7.  Upon receiving a FOIA request, an agency has twenty working days to respond. 5 U.S.C. § 552(a)(6)(A)(i). Although the agency may grant itself an extension of twenty additional days in certain circumstances, the FOIA does not permit an agency to delay responding indefinitely. Id.

§ 552(a)(6)(B)(i).

8.    Under section 552(a)(6), a requestor may appeal an agency's failure to disclose requested records. 5 U.S.C. § 552(a)(6). An agency must make a determination on any such appeal within twenty working days. Id. at § 552(a)(6)(A)(ii).

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

**I.    BOTOX And The $LD_{50}$ Test**

9.    BOTOX is a drug widely known for its cosmetic use in the smoothing of facial wrinkles, though it also has several medical applications that relate to its ability to block muscle contractions. Botulinum Toxin Type A, a key ingredient in BOTOX, is produced naturally by the bacteria Clostridium botulinum and is one of the most poisonous substances known to man. Botox's manufacturer, Allergan Inc., produces the toxin by growing the bacteria in a fermenter. Because this process is somewhat crude, each batch of the toxin must be tested for potency.

10.   The standard procedure for assessing the potency of BOTOX is the $LD_{50}$ Test. The aim of the test is to estimate the dose that kills 50% of the animals to whom it is administered – i.e. lethal dose for 50% of the test subjects. $LD_{50}$ testing involves injecting varying doses of the product to be tested into several groups of mice and observing whether the animals die within 3-4 days. Test animals experience differing levels of muscular paralysis and impaired vision depending on the size and potency of the dose they receive. The end point of the $LD_{50}$ Test is death, usually by suffocation after the respiratory muscle becomes paralyzed.

11.   Upon information and belief, approximately 100 mice have conventionally been used to test each batch of botulinum toxin products, although Allergan, Inc. claims to have reduced the number for BOTOX testing. Test animals experience differing levels of muscular paralysis and

impaired vision depending on the potency of the dose they receive. The end point of the $LD_{50}$ Test is death, usually by suffocation after the respiratory muscle becomes paralyzed.

12. BOTOX is the only botulinum toxin product approved for cosmetic use in the United States. However, little information is publicly available on the types of potency testing, if any, that the FDA requires Allergan, Inc. to conduct on BOTOX. Given that the $LD_{50}$ Test is the international standard for assessing potency of botulinum toxin products, it is likely that the FDA applies this standard to Allergan, Inc.

**II.    The HSUS's FOIA Requests And Appeal**

13. By letter dated April 09, 2004, The HSUS requested information concerning the FDA's guidance on potency testing of BOTOX.

14. The FDA responded to the request referred to in paragraph 13 by letter identified as F04-5590 in which it supplied The HSUS with two documents printed from its web-site that were unresponsive to the request.

15. By letter dated July 26, 2004, The HSUS sent a new FOIA request for information concerning the FDA's guidance on potency testing of BOTOX. The request noted that "[b]y 'guidance,' we mean regulations, directives, policy statements, recommendations, guidance documents and similar documents, whether compliance is mandatory or voluntary."

16. To date The HSUS has received no response at all to the July 26, 2004 request referred to in paragraph 15.

17. By letter dated April 28, 2005, The HSUS appealed the constructive denial of the request referred to in paragraph 15 relating to the potency testing of BOTOX. The appeal clarified that The HSUS was not seeking information exempted by FOIA or any proprietary information.

18.     To date The HSUS has received one letter acknowledging receipt of the appeal referred to in paragraph 15 and assigned the appeal an identification number of PHS-2K5-A-077. More than 20 working days have past, and no substantive response has been received, nor has The HSUS received any responsive documents.

## **PLAINTIFF'S CLAIMS FOR RELIEF**

19.     There is no statutory basis for the FDA's failure to disclose the requested information and the HSUS has a right of access to this information under the FOIA.

**WHEREFORE**, Plaintiff prays that this Court:

(1) Declare that the FDA has violated the FOIA by failing to disclose the records requested by The HSUS;

(2) Order the FDA to make all of the requested records immediately available to plaintiff, including:

(3) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Jonathan Lovvorn
(D.C. Bar No. 461163)

Peter J. Petersan
(D.C. Bar No. 487605)
The Humane Society of the United States
2100 L. St., N.W.
Washington, D.C. 20037
(202) 955.3665

Date: June 2, 2005