UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE HUMANE SOCIETY OF | ) | |
| THE UNITED STATES, | ) | |
| 2100 L. Street, N.W., | ) | |
| Washington, D.C. 20037, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. A. No. 05-01089 (RMU) |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES | ) | |
| FOOD AND DRUG | ) | |
| ADMINISTRATION, | ) | |
| 200 Independence Avenue, S.W., | ) | |
| Washington, D.C. 20201, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

Defendant, United States Department of Health and Human Services Food and Drug Administration ("FDA"), by and through its undersigned counsel,  hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, or otherwise states as follows:

1.     The allegations contained in paragraph 1 constitute Plaintiff's characterization of its Complaint, to which no response is required.  To the extent a response is required, the allegations are denied, except Defendant admits that this action is brought under the Freedom of

Information Act ("FOIA").

2.      Paragraph 2 is a jurisdictional allegation and, as such, requires no response.

3.      Paragraph 3 constitutes Plaintiff's description of itself.  Defendant is without

knowledge or information sufficient to form a belief as to the truth of these allegations, therefore,

no response is required.  To the extent a response is required, Defendant admits that Plaintiff

requested information pursuant to the FOIA, and that such request gave rise to this action.

4.      Paragraph 4 constitutes Plaintiff's description of itself.  Defendant is without

knowledge or information sufficient to form a belief as to the truth of these allegations, therefore,

no response is required.  To the extent a response is required, Defendant denies the allegations in

paragraph 4.

5.      Defendant admits that FDA is a federal agency with authority to approve or deny

        Biologic

License Applications (BLAs) and that  — to the extent that records responsive to Plaintiff's

FOIA request may exist — the FDA has possession or control of records sought by Plaintiff.

Defendant denies the remainder of paragraph 5.

6.      The allegations contained in paragraph 6 constitute conclusions of law to which no

response is required.  To the extent a response is required, the allegations are denied.

7.      The allegations contained in paragraph 7 constitute conclusions of law to which no

response is required.  To the extent a response is required, the allegations are denied.

8.      The allegations contained in paragraph 8 constitute conclusions of law to which no

response is required.

9.      Paragraph 9 is Plaintiff's description of background information concerning Botox.

Defendant denies that any of the allegations in this paragraph give rise to the Plaintiff's claims for relief under FOIA and, as such, defendant denies the allegations in this paragraph.

10.     Paragraph 10 is Plaintiff's description of background information concerning Botox and the "LD50" test.  Defendant denies that any of the allegations in this paragraph give rise to the Plaintiff's claims for relief under FOIA and, as such, defendant denies the allegations in this paragraph.

11.      Paragraph 11 is Plaintiff's description of background information concerning Botox and the "LD50" test.  Defendant denies that any of the allegations in this paragraph give rise to the Plaintiff's claims for relief under FOIA and, as such, defendant denies the allegations in this paragraph.

12.     Paragraph 12 is Plaintiff's description of background information concerning Botox and the "LD50" test.  Defendant denies that any of the allegations in this paragraph give rise to the Plaintiff's claims for relief under FOIA and, as such, defendant denies the allegations in this paragraph.

13.     Defendant denies the allegations in paragraph 13, except Defendant admits that FDA received a FOIA request for records from Plaintiff dated April 9, 2004, the content of which speaks for itself.

14.     Defendant denies the allegations in paragraph 14, except Defendant admits that by letter dated May 17, 2004, FDA's Center for Food Safety and Applied Nutrition ("CFSAN") provided to Plaintiff two documents obtained from FDA's website and that the content of each document speaks for itself.

15.     Defendant denies the allegations in paragraph 15, except Defendant admits that Plaintiff

submitted a letter to the FDA dated July 26, 2004, the content of which speaks for itself, and that such letter was considered by FDA to be a complaint concerning CFSAN's May 17, 2004 response to HSUS's FOIA request dated April 9, 2004, and not a new FOIA request.

16.     Defendant admits that it has not provided Plaintiff with a response to Plaintiff's letter dated July 26, 2004.

17.     Defendant denies the allegations in paragraph 17, but admits that Plaintiff submitted a letter to the Department of Health and Human Services dated April 28, 2005, the content of which speaks for itself.

18.     Defendant denies the allegations in the first sentence of paragraph 18, but admits that in response to Plaintiff's letter dated April 28, 2005, the Department of Health and Human Services Public Health Service sent a letter to Plaintiff dated May 5, 2005, the content of which speaks for itself.  Defendant denies the allegations in the second sentence of paragraph 18, but admits that Defendant's letter dated May 5, 2005 was the last correspondence that Defendant sent to Plaintiff concerning Plaintiff's FOIA request prior to Plaintiff's initiation of this suit.

19.     Paragraph 19 contains conclusions of the pleader and contains no factual allegation, and as such this paragraph requires no response.  To the extent that a response is required, Defendant denies the allegations in paragraph 19.

        The remainder is Plaintiff's prayer for relief to which no response is required.  To the extent that any part of the prayer for relief is deemed to contain allegations of fact to which a response is required, all such allegations are hereby denied.

        Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.  Having fully answered, Defendant respectfully requests that

the Court dismiss this case with prejudice, grant its costs incurred herein, and grant such other

relief as this Court deems appropriate.

Dated: _____, 2005.

Respectfully submitted,

_/s/ _____
KENNETH L. WAINSTEIN
DC BAR #451058
United States Attorney

_/s/_____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney

_/s/_____
HEATHER PHILLIPS
CA Bar # 191620
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm E4412
Washington, DC 20530
(202) 307-0258

OF COUNSEL:
ALEX M. AZAR
General Counsel
SHELDON BRADSHAW
Associate General Counsel, Food
and Drug Division
ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation
MICHAEL SHANE
Associate Chief Counsel for
Enforcement
Office of the General Counsel
U.S. Department of Health and
Human Services
5600 Fishers Lane, GCF-1
Rockville, Maryland 20857