UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, | : : : | | |
| Plaintiff, | : : | Civil Action No.: | 05-1089 (RMU) |
| v. | : : | Document Nos.: | 5, 7 |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES FOOD AND DRUG ADMINISTRATION, | : : : : : | | |
| Defendant. | : | | |

### MEMORANDUM ORDER

GRANTING THE DEFENDANT'S MOTION TO STAY; DENYING THE
PLAINTIFF'S MOTION FOR RELEASE OF RECORD

### I. INTRODUCTION

The plaintiff, the Humane Society of the United States (the "Humane Society"), brings this action to compel the United States Department of Health and Human Services Food and Drug Administration (the "FDA") to reply fully to its Freedom of Information Act ("FOIA") request for documents concerning the FDA's guidance on potency testing for Botulinum Toxin type A ("Botox"). The defendant has filed a motion to stay proceedings pending the completion of its search and production of documents pursuant to the plaintiff's FOIA request (known as an *Open America* stay). The plaintiff has filed a cross-motion for release of the requested record. Because the defendant has met the standard set forth in 5 U.S.C. § 522(a)(6)(c), the court grants the defendant's motion for an *Open America* stay. Because the court grants the defendant's motion for an *Open America* stay, the court denies the plaintiff's cross-motion for release of records as moot.

1

## II.  BACKGROUND

On April 9, 2004, the plaintiff requested information from the FDA concerning the FDA's guidance on potency testing of Botox.  Compl. ¶ 13.  The FDA responded by letter on April 19, 2004, indicating receipt of the plaintiff's request and stating that the FDA would respond "as soon as possible."  Def.'s Mot. for Open America Stay ("Def.'s Mot.") at 2.  Because it had not completed processing of the plaintiff's request, the FDA asserts that its April 19, 2004 response did not reflect the FDA's final response to the plaintiff's request.  *Id.* at 3.  On July 26, 2004, the Human Society sent a renewed request to the FDA, seeking documents "related to the FDA's guidance on potency testing of [Botox]." Compl. ¶ 15; Def.'s Mot. at 4.  On April 28, 2005, the plaintiff sent a third letter to the FDA asking for an "appeal" of the "constructive denial" of its FOIA request and clarifying the scope of the information sought.  Compl. ¶ 17; Def.'s Mot. at 4.  The plaintiff initiated the present action on June 2, 2005, seeking access to the requested information.  According to the defendant, the FDA is still processing the plaintiff's FOIA request, which will be addressed "when it rises to the head of the 'complex' queue."  Def.'s Mot. at 4.

## III.  ANALYSIS

### 1. Legal Standard for a Stay of Proceedings Pursuant to 5 U.S.C. § 522(a)(6)(C)

Pursuant to FOIA, an agency that has received a request for records must respond to that request within twenty business days of the date of receipt of the request.  5 U.S.C. § 552(a)(6)(A).  To prevent this deadline from becoming rigid and unworkable, however, Congress inserted a special "safety valve."  *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 610 (D.C. Cir. 1976).  Specifically, Congress provided that "[i]f the Government can show

exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 522(a)(6)(C)(i).

As defined by this circuit in *Open America*, "exceptional circumstances" exist when an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it 'is exercising due diligence' in processing the requests." *Open Am.*, 547 F.2d at 616. In the Electronic Freedom of Information Act Amendments of 1996, however, Congress made clear that "exceptional circumstances" do not include delays stemming "from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests."[1] 5 U.S.C. § 522(a)(6)(C)(ii).

Courts in this circuit have interpreted this "exceptional circumstances" provision as excusing any delays encountered in responding to a request as long as the agencies are making good-faith efforts and exercising due diligence in processing requests on a first-in, first-out basis. *Open Am.*, 547 F.2d at 616; *Ohaegbu v. FBI*, 936 F. Supp. 7, 8 (D.D.C. 1996) (citing *Kuffel v. Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1995)).

**2. The Court Grants the Defendant's Motion for An *Open America* Stay of Proceedings**

In this case, the defendant argues that an *Open America* stay is warranted because the FDA has exercised due diligence both in processing the plaintiff's FOIA request and in reducing its backlog of FOIA requests on a first-in, first-out basis. Def.'s Mot. at 16. First, with regard to

---

[1] "*Open America* represents the law of the Circuit and has been applied to FOIA cases since the 1996 amendments." *Emerson v. Cent. Intelligence Agency*, 1999 U.S. Dist. LEXIS 19511, at *4 (D.D.C. Dec. 15, 1999). *But see Donham v. Dep't of Energy*, 192 F. Supp. 2d 877, 880 (S.D. Ill. 2002) (suggesting indirectly that the 1996 amendments superseded the *Open America* standard).

the plaintiff's request, the defendant states that the Division of Information Disclosure Policy ("DIDP") is making every effort to expedite the plaintiff's request. *Id.*, Ex. 2 (Sagar Decl.) ¶ 33-34. According to the defendant, once the responsive documents are identified, DIDP will follow standard procedures for this type of request, including: "index and bates-stamp the documents; a page-by-page, line-by-line review of the documents for applicable exemptions; redactions of exempt materials; quality control review; re-indexing the documents to include asserted exemptions; and copying." *Id.* ¶ 34. Second, with regard to agency-wide efforts, the defendant notes that it has undergone "organizational changes to increase the efficiency of its operations, including establishing a three-team structure and analyzing and adjusting work loads." *Id.* ¶ 27. The defendant has "implemented a new filing system known as the Division Files System ('DFS'), and DIDP integrated this filing system into its document retrieval function." *Id.* ¶ 26. With these changes, the FDA has reduced its backlog of FOIA requests from 6,783 requests as of August, 2003, to 4,800 FOIA requests currently. *Id.* ¶ 18.

In response, the plaintiff acknowledges the applicability of the *Open America* standard but urges the court to heed Senator Ted Kennedy's statement that "giv[ing] the agency 40 working days, or almost two calendar months [is] more than enough time for an agency to complete the process of finding and reviewing requested documents." *Open Am.,* 547 F.2d at 611 n.11 (quoting Joint Comm. Print, Freedom of Information Act and Amendments of 1974, 94th Cong., 1st Sess. 178 at 438-39 (1975)). Moreover, the plaintiff disputes the defendant's representation of its due diligence, stating that the defendant "did not respond within 20 days to the July 26, 2004 request . . . did not properly invoke its right to extend its deadline . . . nor did the agency notify [the Human Society] that it would not meet any of the statutorily obligated timelines." Pl.'s Opp'n at 10.

After reviewing the parties' submissions, the court concludes that according to the law of this circuit, the defendant has demonstrated good-faith efforts and due diligence in processing the plaintiff's request on a first-in, first-out basis. Sagar Decl. ¶ 8, 28; *Open Am.*, 547 F.2d at 616; *Ohaegbu*, 936 F. Supp. at 8. The declaration of Nancy Sager, the director of the DIDP, attests to a good-faith and diligent effort to process the plaintiff's request pursuant to the FDA's first-in, first-out complex track. Sagar Decl. ¶ 24-27. In addition, the FDA has shown reasonable progress in reducing its backlog between fiscal year August 2003 and the present. *Id.* ¶ 27.

For the foregoing reasons, it is this 24th day of October, 2005, hereby

**ORDERED** that the defendant's motion for an *Open America* stay is **GRANTED**; and it is

**FURTHER ORDERED** that the plaintiff's motion for release of records is **DENIED** without prejudice as moot; and it is

**ORDERED** that by December 9, 2005, the parties shall confer in a good-faith effort to clarify and, if appropriate, narrow the plaintiff's FOIA request. In conferring, the parties should be mindful of pertinent considerations, including the amount of time elapsed since the filing of the request, the status of the defendant's processing efforts to date, the possibility of intervention, and the possibility of resolving the request on a non-complex track. By December 16, 2005, the parties shall file a joint status report not to exceed 10 double-spaced pages in length outlining the results of their conference and proposing a deadline for the completion of the defendant's production of documents.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge